UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD SCHOMAKER,

        Plaintiff,

                                      CASE NO. 1:10-CV-764

v.

                                      HON. ROBERT J. JONKER

GENERAL MOTORS COMPANY,
a.k.a. New General Motors, *et al.*,

        Defendants.
_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

        The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation in this matter (docket # 24), Plaintiff Schomaker's Objection to the Report and Recommendation (docket # 27), and Defendants' Response to Plaintiff's "Comments in Opposition to" Magistrate's Report and Recommendation (docket # 28). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; Plaintiff's objections; and Defendants' response.

Plaintiff does not actually address the substance of the Report and Recommendation in his objections. Indeed, he tacitly concedes that his claim against the previous General Motors Corporation was not assumed in bankruptcy by the current General Motors. Plaintiff focuses his objections almost entirely on a discussion of nature of the bankruptcy process itself, which has no bearing on the analysis of his legal case. Plaintiff's failure to lodge specific objections is sufficient basis, standing alone, for this Court to adopt the Magistrate Judge's Report and Recommendation. *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) ("Generally, the failure to file specific objections to a magistrate's report constitutes a waiver of those objections."). Moreover, in this case the Magistrate Judge's analysis accurately states and applies the law.

Embedded in Plaintiff's objections are requests that the Court direct the EEOC to pursue an investigation and that the Court "use its good offices to identify and secure appropriate counsel." (docket # 27 at 15-16.) The Court does not address the merits of these requests, which are not before the Court on a proper motion, but notes that the Court's adoption of the Magistrate Judge's Report and Recommendation moots the requests in any event.

The Court concludes that the Magistrate Judge's Report and Recommendation (docket # 24) is factually sound and legally correct.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 24) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that

1. Defendants' motion to dismiss (docket # 13) is **GRANTED**.

2. Plaintiff's motion for default judgment (docket # 18) is **DENIED**.

This case is **DISMISSED**.


Dated:      March 1, 2012              /s/ Robert J. Jonker
                                                              ROBERT J. JONKER
                                                              UNITED STATES DISTRICT JUDGE